UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ELIZABETH DANIALS-KIRISITS,

                        Plaintiff,                  05-CV-0800S(Sr)

v.

KIM DELMONT, et al.,

                        Defendants.

## **DECISION AND ORDER**

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #15.

Plaintiff has commenced this action seeking damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. ("ADEA"). Dkt. #4.

By Decision and Order entered May 24, 2006, the Court granted plaintiff's request for appointment of counsel and appointed Anna Marie Richmond, Esq., *pro bono*, to faithfully and diligently represent plaintiff in this case. Dkt. #18.

By Text Order entered September 16, 2009, the Court granted Ms. Richmond's motion to withdraw as counsel in this matter due to her acceptance of employment with the State of New York. Dkt. #56.

This Court is required to see that all litigants receive proper representation of counsel under the criteria set forth in *Cooper v. A. Sargenti Co.*, 877 F.2d 170 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986). In addition, pursuant to 28 U.S.C. § 1915(e)(1), courts have the inherent authority to assign counsel to represent indigent litigants.

More importantly, each lawyer - especially those who are admitted to practice in federal court and who therefore are in a position to reap the benefits of such practice - has an ethical obligation under the Code of Professional Responsibility to provide *pro bono* services for the poor. New York Code of Professional Responsibility, Canon 2, EC 2-16; EC 2-25. "Every lawyer, regardless of professional prominence or professional workload, should find time to participate in serving the disadvantaged." EC 2-25. In addition, Rule 83.1(g) of the Local Rules of Civil Procedure provides as follows:

> Every member of the bar of this Court shall be available upon the Court's request for appointment to represent or assist in the representation of indigent parties. Appointments under this rule shall be made in a manner such that no attorney shall be requested to accept more than one appointment during any twelve month period.

It is in this spirit that the Court assigns Matthew Van Vessem, Esq., Partner, Jaeckle, Fleischmann & Mugel, LLP, 12 Fountain Plaza, Buffalo, New York 14202-2292, *pro bono*, to faithfully and diligently represent plaintiff in this case.

The Clerk of the Court is directed to provide Mr. Van Vessem a copy of this Order and the Guidelines Governing Reimbursement from the District Court Fund of Expenses Incurred by Court Appointed Counsel. This information and the forms are also available on the Court's web site at the Attorney Information link from the home page located at: www.nywd.uscourts.gov. The Chief Judge of the Court will also issue an Order directing PACER to waive its fees so pro bono counsel can access and print at no cost to him or his firm any other documents filed herein that he may need.

**SO ORDERED.**

**DATED:** Buffalo, New York
May 5, 2010

 s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**